Esther C. Rodriguez
Nevada State Bar No. 006473
**RODRIGUEZ LAW OFFICES, P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
esther@rodriguezlaw.com

Travis J. Grefenstette, Tex. Bar No. 24120866
*Admitted Pro Hac Vice*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100; Fax: (713) 352-3300
tgrefenstette@mybackwages.com
*Admitted Pro Hac Vice*

*Attorneys for McNicol and the Hourly Employees*

Louis M. Bubala III, Nev. Bar No. 8974
**KAEMPFER CROWELL**
50 W. Liberty Street, Suite 1100
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
E-Mail: lbubala@kcnvlaw.com

Ashley Jordaan, Colo. Bar No. 29563
Keith K. Ybanez, Colo. Bar No. 55566
*Admitted Pro Hac Vice*
**HUSCH BLACKWELL**
1801 Wewatta Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 749-7200
Facsimile: (303) 749-7272
E-Mail: Ashley.Jordaan@huschblackwell.com
E-Mail: Keith.Ybanez@huschblackwell.com

*Attorneys for Defendant Small Mine Development, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW MCNICOL, Individually and On Behalf of Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SMALL MINE DEVELOPMENT, LLC <br><br> Defendant. | **Case No. 3:25-CV-00372-MMD-CSD** <br><br> ORDER GRANTING **STIPULATED PROTECTIVE ORDER** |

Plaintiff, Andrew McNicol ("McNicol"), individually and on behalf of others similarly situated, and Defendant, Small Mine Development, LLC ("SMD") (collectively the "Parties"), have agreed to the terms of this Stipulated Protective Order; accordingly, it is hereby ORDERED as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, deposition testimony, and other information

- 1 -
STIPULATED PROTECTIVE ORDER
*McNicol v. Small Mine Development, LLC*

disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure if properly marked "Confidential Information".

2.      As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      As used in this Protective Order, "Confidential Information" means information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" by the producing party. Information designated as "CONFIDENTIAL" includes information that falls within one or more of the following categories: (a) information prohibited from disclosure by statute or regulation; (b) research, technical, commercial, or financial information that the party has maintained as confidential; (c) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; and (d) personnel or employment records. Information designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" by the producing party includes (a) pricing or rate information that is not already in the possession of the non-producing party and that is not publicly available; (b) competitive, non-public business information that, if made public, would give competitors an unfair business advantage or reveal trade secrets; and (c) information that this Court, by order, allows a party to mark "CONFIDENTIAL – ATTORNEYS EYES ONLY." Information or documents that are available to the public may not be designated as Confidential Information.

4.      CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL information") shall not, without the consent of the designating party or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)      attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(b)      the parties, including their designated representatives and counsel;

- 2 -
STIPULATED PROTECTIVE ORDER
*McNicol v. Small Mine Development, LLC*

(c)      expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

(d)      the Court and its employees ("Court Personnel") and the jury at trial;

(e)      stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(f)      deponents, witnesses, or potential witnesses;

(g)      anyone as otherwise required by law; and

(h)      other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person identified in sub-paragraph 4(c) (expert witnesses and consultants) or sub-paragraph 4(f) (deponents, witnesses, or potential witnesses), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within **thirty days** after notice by the court reporter of the completion of the transcript.

STIPULATED PROTECTIVE ORDER
*McNicol v. Small Mine Development, LLC*

8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. A  Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The written notice shall identify the information to which the objection is made and the basis for that objection. The Parties shall meet and confer in "good faith" to resolve the dispute. If the parties cannot resolve the discovery dispute within **fourteen days** after the time the notice is received, the parties may seek judicial intervention by filing and serving a motion for protective order regarding confidential discovery materials. If this procedure is timely pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute. If this procedure is not timely pursued, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.      Unless other arrangements are agreed upon in writing by the parties, within **thirty days** of the final determination of this action, each person or party who has received CONFIDENTIAL information shall be obligated to return the CONFIDENTIAL information, including any copies, to the designating party, or the receiving party may elect to destroy the CONFIDENTIAL information, including any copies, and certify that it has been destroyed upon request. The receiving party, however, need not destroy or return (a) any Confidential information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL information.

10.      The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL information

STIPULATED PROTECTIVE ORDER
*McNicol v. Small Mine Development, LLC*

pursuant to this Protective Order. However, the Court will not retain jurisdiction over a matter once the case is closed.

11.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 13th day of February, 2026.

| | |
|---|---|
| /s/ Travis J. Grefenstette | /s/ Louis M. Bubala III |
| Esther C. Rodriguez | Louis M. Bubala III |
| **RODRIGUEZ LAW OFFICES, P.C.** | **KAEMPFER CROWELL** |
| | |
| Travis J. Grefenstette | Ashley W. Jordaan |
| **JOSEPHSON DUNLAP LLP** | Keith Ybanez |
| | **HUSCH BLACKWELL LLP** |
| | |
| **ATTORNEYS FOR MCNICOL &** | **ATTORNEYS FOR SMALL MINE** |
| **THE HOURLY EMPLOYEES** | **DEVELOPMENT, LLC** |

IT IS SO ORDERED:

_____

UNITED STATES MAGISTRATE JUDGE

February 17, 2026

_____

DATE

- 5 -

STIPULATED PROTECTIVE ORDER
*McNicol v. Small Mine Development, LLC*